9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rolando D. GOMEZ, Petitioner-Appellant,
v.
OREGON STATE BOARD OF PAROLE, Respondent-Appellee.
 No. 93-35270.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rolando Dorsey Gomez, an Oregon State prisoner, appeals the denial of his 28 U.S.C. § 2254 habeas petition.[1] Gomez contends that the Oregon State Board of Parole's extension of his parole release date by two months for the unauthorized possession of another inmate's property violates his Eighth Amendment right to be free from cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Chatman v. Marquez, 754 F.2d 1531, 1533-34 (9th Cir.), cert. denied, 474 U.S. 841 (1985), and affirm.
 
 
 3
 An inmate has no constitutional right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979); Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir.1989). "The Eighth Amendment's proscription of cruel and unusual punishment prohibits ... sentences that are disproportionate to the crime committed." Solem v. Helm, 463 U.S. 277, 284 (1983). An inmate's disappointment caused by additional months of incarceration before his parole is not a violation of the Eighth Amendment. Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir.1985) (parole release extended by nine months).
 
 
 4
 Here, the parole board extended Gomez's parole release date by two months for committing the rule violation of unauthorized possession of another inmate's property. This violation was his third within the previous three months while serving a ten-year sentence scheduled to expire in 1997. The parole board was authorized to extend his release date pursuant to Or.Admin.R. § 255-50-005(2)(a) and Or.Admin.R. § 255-50-010(2)(d), which permit the parole board to extend the release date of a prisoner by up to 10% of his total sentence if he or she commits three or more rule violations within a period of three months.
 
 
 5
 Accordingly, because there is no constitutional right to be conditionally released before the expiration of a valid sentence and the parole board's extension of Gomez's parole release date did not exceed his original sentence, the parole board did not violate Gomez's rights under Eighth Amendment. See Greenholtz, 442 U.S. at 7; Bergen, 881 F.2d at 721; Baumann, 754 F.2d at 846.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Respondent's motion to substitute corrected brief pages is hereby granted